# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ABDELRAHMAN F. BADER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 18-cv-1367 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| NAVIENT SOLUTIONS, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

Abdelrahman Bader brings this action against Navient Solutions, LLC alleging violations of the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1. Currently before the Court is Navient Solutions' motion [25] for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons explained below, Navient Solutions' motion is granted.

**Background**

The following facts are summarized from Bader's complaint and taken as true for the purpose of deciding this motion. Bader is an individual who resides in Burbank, Illinois. Navient Solutions engages in the business of collecting student loans owed or alleged to be owed to other parties. Beginning in August 2017, Bader's cell phone began receiving calls from Navient Solutions. Navient Solutions called Bader's cell phone from several different phone numbers. When Bader would answer the phone, he would notice a five second pause before being connected with a live representative. During these conversations, a representative of Navient Solutions informed Bader that they were calling to collect a debt owed by a "Shavon Smith." Bader asserts that he told these

representatives several times that he was not Shavon Smith and asked them to stop calling him. Despite Bader's request, Navient Solutions continued to call him and left voicemail messages when Bader did not answer.

Frustrated by the repeated phone calls, Bader mailed a certified letter to Navient Solutions' headquarters demanding that it stopped calling him on October 28, 2017. Navient Solutions received Bader's letter on October 30, 2017. Nevertheless, Navient Solutions continued to call Bader until 2018. Bader alleges that he received at least 105 calls from Navient Solutions seeking Shavon Smith. Bader states that these calls violated the TCPA and ICFA.

**Legal Standard**

A party can move for judgment on the pleadings once the complaint and answer are filed. *See Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2008) (internal citation omitted). A court will only grant a Rule 12(c) motion if there is no doubt that the plaintiff cannot prove any facts to support her claim and the moving party establishes that no material issues of fact exist. *See id.* Courts apply the same standard for Rule 12(c) motions as is used for motions to dismiss for failure to state a claim under Rule 12(b)(6). *See Guise v. BWM Mortg., LLC*, 377 F.3d 795, 798 (7th Cir. 2004). When considering a Rule 12(c) motion, the pleadings consist of the complaint, answer, and any written documents used as attachments. *See Langone v. Miller*, 631 F. Supp. 2d 1067, 1070 (N.D. Ill. 2009) (Castillo, J.).

**Discussion**

*Telephone Consumer Protection Act Claim*

Navient Solutions argues that this Court should dismiss Count I alleging that Navient Solutions violated the TCPA under 47 U.S.C. § 227 by placing over 105 calls to Bader using an automated telephone dialing system (or "autodialer"). The TCPA prohibits using an autodialer to make unconsented phone calls to numbers assigned to a cellular phone service. *See* 47 U.S.C. § 227

2

(b)(1)(A)(iii); *see also Pinkus v. Sirius XM Radio, Inc.*, 319 F. Supp. 3d 927, 929 (N.D. Ill. 2018) (Feinerman, J.). Autodilaers are defined under the TCPA as "equipment which has the capacity-(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The FCC has authority to issue regulations to implement the TCPA's requirements. § 227(b)(2); *ACA International v. Federal Communications Commission*, 885 F.3d 687, 693 (D.C. Cir. 2018). Although the FCC declared that equipment that dialed phone numbers from stored lists could qualify as an autodialer, *id.* at 701, the D.C. Circuit later found that this was an unreasonable expansion that did not accord with the TCPA's statutory text, *See id* at 699.

Navient Solutions contends that Bader fails to allege the use of an autodialer. Specifically, Navient Solutions asserts that because Bader does not state that it used a device that had the ability to generate random or sequential numbers and dial such numbers, Bader has not stated a TCPA claim.

In response, Bader argues that the following factual assertions from his complaint demonstrate that Navient Solutions used an autodialer:

> Defendant is "the largest servicer of student loans in the United States" who "engages[s] in the business of collecting or attempting to collect . . . student loans owed or due or asserted to be owed or due to others using the mail and telephone across the country."
>
> "When Plaintiff answers Defendant's phone calls, he experiences a noticeable pause, lasting approximately four to five seconds in length, before [he] is connected with a live representative."
>
> Due to the incessant nature of [Defendant's] contacts, on October 28, 2017, Plaintiff, sent, via certified mail, a letter to Defendant's headquarters, demanding that Defendant 'stop calling and harassing [him],'" . . . but "in spite of Plaintiff reiterating his demands to Defendant in writing, Defendant's harassing phone calls persisted into 2018."
>
> Defendant willfully placed not less than 105 uncontested phone calls to Plaintiff's cell phone, including multiple phone calls during the same day.

Dkt. 28 at 3. Although Bader lists the TCPA's definition of autodialer in his complaint, he used the term "predictive dialer[1]" when describing the device Navient Solutions used to place the calls. Dkt. 1 at 5.

The Court finds that Bader has not adequately alleged the use of an autodialer. Simply put, Bader does not put forth any factual allegations that suggest Navient Solutions dialed his number using equipment that had the capacity to generate random or sequential numbers. To the contrary, Bader argues that Navient Solutions' continual calling, even after being told that he was not the person Navient Solutions was seeking, evidences that it stored Bader's phone number and called him, thus establishing that it used an autodialer. While this may have established the use of an autodialer under prior FCC declarative rulings, *ACA International* establishes that Bader must assert facts that make it plausible Navient Solutions used equipment with the capabilities to generate numbers randomly in order to allege the use of an autodialer.

As Courts in this district have held, a plaintiff adequately alleges the use of an autodialer only when it plausibly asserts the defendant used equipment that can (1) generate numbers, either randomly or sequentially and (2) dial such numbers. *See Pinkus*, 319 F. Supp. at 937-38 (finding plaintiff did not allege the use of an autodialer under the TCPA when it only stated that the defendant used a predictive dialer to call it); *see also Gadelhak v. AT&T Services, Inc.*, No. 17-cv-1559, 2019 WL 1429346 at *6-7 (N.D. Ill. Mar. 29, 2019) (finding that defendant's equipment which dialed numbers from a generated list did not qualify as an autodialer) (Chang, J.) Here, Bader has not alleged any facts that make it plausible Navient Solutions used an autodialer, as interpreted under the plain meaning of the TCPA, and therefore, has failed to state a claim. Count I is dismissed.

---

[1] Predictive dialers are defined as "dialing equipment that can make use of algorithms to 'assist[] telemarketers in predicting when a sales agent will be available to take calls." *ACA International*, 885 F.3d at 701.

*Illinois Consumer Fraud and Deceptive Business Practices Act Claim*

Navient Solutions argues that Count II should be dismissed for failure to allege actual damages. To state a claim under the ICFA, Bader must allege that "(1) a deceptive or unfair practice occurred, (2) [Navient Solutions] intended for [Bader] to rely on the deception, (3) the deception occurred in the course of conduct involving trade or commerce, (4) [Bader] sustained actual damages, and (5) the damages were proximately caused by [Navient Solutions'] deception." *See Hardaway v. CIT Group/Consumer Finance Inc.*, 836 F. Supp. 2d 677, 685 (N.D. Ill. 2011) (citing *Dubey v. Public Storage, Inc.*, 395 Ill.App.3d 342, 918 N.E.2d 265, 277, 335 Ill. Dec. 181, (2009)).

As a preliminary matter, Bader's ICFA claim fails because he has not alleged a TCPA violation. *See Dolemba v. Illinois Farmers Insurance Compnay*, 213 F. Supp. 3d, 988, 998 (N.D. Ill. 2016) (finding that plaintiff established a deceptive or unfair practice by demonstrating the defendant violated the TCPA). Even if Bader adequately stated a claim under the TCPA, the Court finds that Bader's claim of monetary damages for $3.84 (the price for the stamp and sending the certified letter) is a *de minimis* injury, and thus not actionable under the ICFA. *See id.* ("[T]o satisfy the pleading requirements of the ICFA, the harm or injury alleged must . . . arise from actual damages that are more than *de minimis* or trifling in amount.") As such, Count II is dismissed.

**Conclusion**

For the forgoing reasons, Navient Solutions' motion [25] for judgment on the pleadings is granted. Bader's complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

Date: June 14, 2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge